**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REBEKAH J. MAURER, LAUREN C.
MAURER,

                    Plaintiffs,

                                                          8:26-cv-00359 (AMN/MJK)

            v.

GARRETT D. ZULAUF, ST. LAWRENCE
COUNTY SHERIFF'S DEPT.,

                    Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

**REBEKAH J. MAURER**
**LAUREN C. MAURER**
P.O. Box 1110 ACP 5749
Albany, NY 12201
Plaintiffs *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On March 6, 2026, plaintiffs *pro se* Rebekah Maurer and Lauren Maurer ("Plaintiffs")

commenced this action against defendants Garrett D. Zulauf ("Zulauf") and the St. Lawrence

County Sheriff's Department (the "Department"), alleging violations of their Fourth and

Fourteenth Amendment rights arising from a traffic stop. *See* Dkt. No. 1 ("Complaint"). Plaintiffs

also filed motions to proceed *in forma pauperis* ("IFP") and for the appointment of counsel. Dkt.

Nos. 2, 3, 6.

This matter was referred to United States Magistrate Judge Mitchell J. Katz, who granted

Plaintiffs' requests to proceed IFP and reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt.

1

No. 8 at 2 ("Report-Recommendation").[1]  On April 30, 2026, Magistrate Judge Katz recommended that this Court dismiss the Complaint and grant leave to amend as to certain of Plaintiffs' claims. *Id.* at 17-18.  Magistrate Judge Katz also denied Plaintiffs' motion for the appointment of counsel without prejudice.  *Id.* at 13-15, 17.  Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Katz advised that the parties had fourteen days within which to file written objections and that failure object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 18.  No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.  DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

As an initial matter, Magistrate Judge Katz recommended that this Court dismiss the Complaint with prejudice and without leave to amend to the extent that it brings a claim against the St. Lawrence County Sheriff's Department because municipal departments are not separate legal entities. Dkt. No. 8 at 8-10; *see, e.g.*, *Gray v. Coeymans Police Dep't*, No. 1:16-CV-1239, 2020 WL 871179, at *8 (N.D.N.Y. Feb. 21, 2020) ("[I]t is well-settled that an administrative arm of a municipality, such as the Police Department . . . , cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity.") (internal quotes and citations omitted)). Then, construing the Complaint liberally, Magistrate Judge Katz

3

interpreted it to suggest that Plaintiffs intended to name St. Lawrence County as a defendant. Dkt. No. 8 at 9. To the extent that Plaintiffs so intended, Magistrate Judge Katz recommended that the Complaint be dismissed as against St. Lawrence County without prejudice for failure to state a claim. *Id.* at 9-10 (citing *Kurtz v. Hansell*, No. 20-CV-3401, 2021 WL 1143619, at *18 (S.D.N.Y. Mar. 24, 2021)).

Relatedly, Magistrate Judge Katz recommended that this Court dismiss the Complaint with prejudice and without leave to amend to the extent that it brings a claim against Defendant Zulauf in his official capacity as a deputy employed by the Department. Dkt. No. 8 at 10-11. Because suits against municipal officers in their official capacity generally represent "another way of pleading an action against an entity of which an officer is an agent," *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citation omitted), courts typically dismiss such claims as duplicative of claims against the municipality, Dkt. No. 8 at 10-11 (citing *Tuff v. Vill. of Yorkville Police Dep't*, No. 16-CV-473, 2017 WL 401241, at *4 (N.D.N.Y. Jan. 30, 2017)).

As to the remainder of the Complaint, including to the extent that Plaintiffs intended to pursue claims against Defendant Zulauf in his individual capacity pursuant to 42 U.S.C. § 1983, Magistrate Judge Katz recommended that this Court dismiss Plaintiffs' claims without prejudice for lack of compliance with Federal Rules of Civil Procedure 8 and 10. *Id.* at 5-8. Magistrate Judge Katz found that the Complaint failed to allege "when the traffic stop took place, whether Defendant Zulauf, or some other law enforcement officer, issued Plaintiffs the citation they complain about" and who exactly "asked Plaintiffs for their identification and/or 'held' them." *Id.* at 6 (citing Dkt. No. 1 at ¶ 4). Furthermore, Magistrate Judge Katz found that the Complaint failed to clarify whether the operators of "two sheriff vehicles" and a "border patrol vehicle," or "a NY State Trooper" were defendants in Plaintiffs' third cause of action for failure to intervene. *Id.* at 7

4

(citing Dkt. No. 1 at 3). Magistrate Judge Katz also found that the Complaint's failure to allege the date of the traffic stop prevented an analysis of whether Plaintiffs' claims were timely filed. *Id.* at 7-8.

Therefore, except for Plaintiffs' claims against the Department and against Defendant Zulauf in his official capacity, Magistrate Judge Katz recommended that the Court grant Plaintiffs leave to amend and further advised Plaintiffs that any such amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id.* at 15-16.

After reviewing the Report-Recommendation and considering Magistrate Judge Katz's findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that to the extent that it alleges claims against the St. Lawrence County Sheriff's Department and Defendant Zulauf in his official capacity, Plaintiffs' Complaint, Dkt. No. 1, be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the remainder of Plaintiffs' Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiffs timely file an amended complaint, it shall be referred to Magistrate Judge Katz for review; and if Plaintiffs fail to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the

Local Rules.

   **IT IS SO ORDERED.**

Dated:  June 2, 2026
          Albany, New York

_____
Anne M. Nardacci
U.S. District Judge